UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CLARENCE WATSON HERNDON,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

Case No. 1:20-cv-192

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss on grounds of immunity and failure to state a claim Plaintiff's § 1983 claims against the Michigan Department of Corrections (MDOC). Plaintiff's RLUIPA claims against the MDOC will remain in the case.

**Discussion**

**I.    Factual allegations**

Plaintiff presently is incarcerated with the MDOC at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC.

Plaintiff alleges that he is a devout Protestant Christian, who began attending Friday services in October 2019. On November 1, 2019, he requested Holy Communion, as well as baptism. Plaintiff was granted Holy Communion, but his request for baptism was denied on the ground that baptism was not a central tenet of Protestant Christianity. Plaintiff alleges that Defendant MDOC has denied him his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). Plaintiff seeks declaratory and injunctive relief.

**II.    Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC

3

is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). Therefore, Plaintiff's complaint seeks relief against a defendant who is immune from such relief, Plaintiff's § 1983 claim against the MDOC is properly dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b), and 42 U.S.C. § 1997e(c).

In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, Plaintiff's § 1983 claim against the MDOC is also properly dismissed for failure to state a claim.

The MDOC, however, is not immune from Plaintiff's claims for declaratory and injunctive relief under RLUIPA. In *Sossamon v. Texas*, 563 U.S. 277, 288 (2011), the Supreme Court squarely held that the provision of the RLUIPA creating a private cause of action for violations of the RLUIPA, and authorizing persons to assert such violations as claims or defenses to obtain "appropriate relief" against the government, did not clearly and unequivocally notify states that, by accepting federal funds, they were waiving their sovereign immunity to suits for money damages under the RLUIPA, and did not result in waiver of a state's immunity from damages suits by prisoners whose free exercise rights were allegedly burdened. Congress, by using the phrase "appropriate relief," did not clearly manifest its intent to include a damages remedy. *Id.* The *Sossamon* Court, however, implicitly recognized that Congress had been sufficiently clear in the use of "appropriate relief" to waive the states' sovereign immunity as to equitable relief. *See Sossamon*, 563 U.S. at 298-99 (Sotomayor, J., dissenting) ("In arguing that 'a waiver of sovereign immunity *to other types of relief* does not waive immunity to damages,' the

majority appears to accept that equitable relief is available to RLUIPA plaintiffs.") (emphasis in original); *c.f. Virginia Office for Protection and Advocacy*, 563 U.S. 247, 254-55, 258-59 (2011) (suggesting that the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), which has long permitted actions for prospective injunctive relief against state officials in their official capacities when the sovereign itself is immune, is not a useful fiction when the sovereign itself has waived sovereign immunity by accepting federal funds).

Here, Plaintiff seeks only equitable relief, for which the state appears to have waived its sovereign immunity by accepting federal funds. Accordingly, Plaintiff's claim against the MDOC is not subject to dismissal on sovereign immunity grounds.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's § 1983 claims against Defendant Michigan Department of Corrections will be dismissed on grounds of immunity and failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's RLUIPA claims against Defendant Michigan Department of Corrections remain in the case.

An order consistent with this opinion will be entered.

Dated:   March 30, 2020                    /s/ Janet T. Neff
                                           Janet T. Neff
                                           United States District Judge